TORRES, DEMANDANTE Y APELADO, *v.* VIDAL, DEMANDADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en
pleito sobre daños y perjuicios.

No. 2277.—Resuelto en diciembre 16, 1920.

AUTOMÓVIL—VELOCIDAD—EVIDENCIA SOBRE VELOCIDAD DE AUTOMÓVILES.—Es muy
difícil poder fijar en millas o kilómetros la velocidad a que corre un auto-
móvil aún a personas de experiencia en la materia y mucho menos a aquéllas
que como el demandante y sus testigos en la presente acción claramente no
la tenían, pero una persona de inteligencia común puede apreciar y declarar

sobre su impresión de si un automóvil corría a ''gran velocidad'' o a ''muchísima velocidad,'' y su declaración servir de base a la corte para establecer su conclusión sobre tal extremo.

ID.—NEGLIGENCIA DEL CHAUFFEUR O CONDUCTOR—DAÑOS Y PERJUICIOS.—El dueño de cualquier vehículo de motor será responsable de los daños causados por la negligencia del conductor o *chauffeur* mientras dicho dueño estuviere en el vehículo. Este caso especial se regula por la sección 17 de la Ley No. 75 de 1916 y no por el artículo 1804 del Código Civil Revisado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. Tous Soto.*

Abogado del apelado: *Sr. R. Martínez Nadal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Manuel Torres estableció demanda contra Eduardo Vidal en reclamación de diez mil dólares por daños y perjuicios. Contestada la demanda, fué el pleito a juicio, y practicada la prueba, la corte dictó sentencia condenando al demandado a pagar al demandante la suma de quinientos dólares con más las costas, gastos, desembolsos y honorarios de abogado. Los hechos declarados probados por la corte sentenciadora, fueron los que siguen:

"El 7 de abril de 1918 y en momentos en que el demandante Manuel Torres, iba a caballo por la carretera de Juana Díaz a Coamo, al salir de una curva muy pronunciada en el sitio conocido por Yagüez oyó venir un automóvil, por lo que se echó aún más a su derecha, bien cerca de la cuneta derecha de la carretera. El automóvil, que era propiedad del demandado Eduardo Vidal, quien entonces y allí iba en dicho automóvil, y era el *chauffeur* Carlos Padilla, se fué por la tangante y arrolló la yegua que montaba el demandante hiriéndola en la nalga izquierda longitudinalmente y lanzando al demandante contra un árbol de la cuneta derecha de la carretera, causándose dicho demandante con la caída lesiones internas en el pecho, que le hicieron vomitar sangre, siendo asistido después por el Dr. Igaravídez, experimentando dicho demandante fractura de algunas costillas con inflación de la pleura a consecuencia del traumatismo sufrido, y quedando deformado del tórax e incapacitado para trabajos fuertes. El demandante, a consecuencia del golpe recibido, estuvo 34 días enfermo en cama, y ha sufrido dolores continuos; su oficio era timonero de arado y ganaba

de dos a tres dollars diarios en el mismo. De la prueba testifical apreciada en conjunto, la corte llega a la conclusión de que el accidente ocurrió por correr el automóvil al doblar la curva, con un exceso de velocidad; llegando la corte, por tanto, a la conclusión de que el accidente ocurrió debido a la negligenia del *chauffeur,* que en este caso, de acuerdo con la ley, es la negligencia misma del demandado.''

No conforme el demandado con la sentencia dictada, apeló para ante esta Corte Suprema señalando en su alegato la comisión de dos errores, a saber: 1, erró la corte al estimar que existió negligencia de parte del *chauffeur* consistente en haber doblado una curva con exceso de velocidad, debido a lo cual se fué por la tangente y arrolló la yegua que montaba el demandante causando el accidente, y 2, erró la corte al estimar que la negligencia del *chauffeur* es imputable al dueño, por haber demostrado éste que usó la diligencia de un buen padre de familia para evitar el accidente.

En su alegato el distinguido abogado de la parte apelante analiza la prueba con mucha habilidad a los efectos de demostrar su contención de que en ella no pudo encontrar la corte base suficiente para la declaratoria de hechos probados que hizo y en la que fundó su sentencia.

Hemos estudiado dicha prueba y a nuestro juicio sostiene la declaratoria impugnada. Es muy difícil poder fijar en millas o kilómetros la velocidad a que corre un automóvil aún a personas de experiencia en la materia y mucho menos a aquellas que como el demandante y sus testigos claramente no la tenían, pero una persona de inteligencia común puede apreciar y declarar sobre su impresión de si un automóvil corría a ''gran velocidad'' o a ''muchísima velocidad,'' como sucedió en este caso. Véase el caso de *El Pueblo* v. *Blandford,* 23 D. P. R. 625.

Además, según la prueba del demandante, a la que dió crédito la corte, el demandante se colocó en la extrema orilla derecha del camino y allí fué alcanzado y herido como consecuencia del choque del automóvil del demandado con la ye-

gua que montaba el demandante. Para que esto sucediera tuvo necesariamente que desviarse el automóvil del demandado, hecho que ocurre generalmente cuando se toma una curva a gran velocidad.

En cuanto al segundo error, bastará citar el precepto terminante contenido en la sección 17 de la Ley No. 75 de 1916, que dice que "el dueño de cualquier vehículo de motor será responsable de los daños causados por la negligencia del conductor o *chauffeur* mientras dicho dueño estuviere en el vehículo," para concluir que no existe. En el presente caso no sólo se demostró que el dueño del automóvil, el demandado, estaba en el vehículo, sino que iba en el asiento de delante sentado al lado del *chauffeur*.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.